UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MUNSON FLETHCHER | * | |
| | * | CASE NO. 2:23-CV-04154 |
| Plaintiff | * | |
| | * | |
| VS. | * | JUDGE ELDON E. FALLON |
| | * | |
| LLOYD'S OF LONDON | * | |
| | * | MAGISTRATE JUDGE DONNA |
| Defendant | * | PHILLIPS CURRAULT |

# MEMORANDUM IN SUPPORT OF THE SOCIETY OF LLOYD'S RULE 12 MOTIONS

## Introduction

When correctly identified, sued, and named, those certain underwriters at Lloyd's, London subscribing to a specific policy are well-known to Louisiana and other courts for responding appropriately. The issue here is that no specific underwriters at Lloyd's, London have been identified, named, or served. The Society of Lloyd's ("Lloyd's"), appearing specially in place of the party improperly and generically named in the Complaint as "Lloyd's of London", is thus seeking a dismissal on only a without prejudice basis, so if Munson Flethcher, the plaintiff, ever identifies any specific underwriters at Lloyd's, London that insured him, he can amend his Complaint and name and serve them.

## Background

This action arises out of a Complaint filed by Mr. Flethcher, naming as a defendant, "Lloyd's of London [sic]. . . , incorporated under the laws of New York, with a principal place

of business at 280 Park Avenue, 25th floor, New York, NY 10017."[1] The Complaint asserts further that "This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Louisiana based entities and consumers."[2] After Mr. Flethcher filed his Complaint on August 24, 2023, the Clerk of Court issued a Summons on August 29, 2023, naming "Lloyd's of London."[3]

As will be explained in more detail below, Lloyd's protects the record, where, as here, a plaintiff or policyholder sues entities within the Lloyd's market generically, but fails to identify those certain underwriters at Lloyd's, London subscribing to the subject policy. As a result, Lloyd's retained Louisiana counsel to ensure that no adverse action is taken against "Lloyd's of London," unless and until those certain underwriters at Lloyd's, London, if any, insuring Mr. Flethcher are identified and make an appearance. Because Mr. Flethcher has still not forwarded Lloyd's counsel any policy information, Lloyd's has no choice but to file Rule 12(b) motions to protect the record.

**The Lloyd's insurance market and the Society of Lloyd's role in the case**

Lloyd's is a society incorporated by an Act of the United Kingdom Parliament in 1871, and it regulates and provides services to the Lloyd's insurance market.[4] Although Lloyd's holds the trade name "Lloyd's of London," Lloyd's is not an insurer.[5] Instead, in the Lloyd's market,

---

[1] Complaint, ¶ 2. Rec. Doc. 1.

[2] *Id.*, ¶ 6.

[3] Summons. Rec. Doc. 4.

[4] Exhibit A, Kelly Declaration, ¶ 5.

[5] *Id.*, ¶ 6; *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010) ("[t]he Society of Lloyd's, London, is not an insurance company, but rather a British organization that provides infrastructure

policies are underwritten by certain underwriting members of Lloyd's, sometimes referred to generically as "certain underwriters at Lloyd's."[6] "It is well-established under federal jurisprudence that '[t]he Society of Lloyd's, London, is not an insurance company, but rather a British organization that provides infrastructure for the international insurance market.'"[7] Simply put, "a policy holder insures at Lloyd's, but not with Lloyd's."[8]

Lloyd's and the underwriting members are separate and distinct entities, and Lloyd's does not underwrite policies or adjust claims on the underwriting members' behalf.[9] Nor does Lloyd's maintain a central index of policies underwritten by the underwriters. And as of underwriting year 2021, there were more than 2,000 active underwriting members of Lloyd's.[10] And so, it would be difficult, if not impossible, for Lloyd's to identify those certain underwriters at Lloyd's, London, if any, who insured Mr. Flethcher.

"The Lloyd's Act of 1982" provides that an "underwriting member shall be a party to a contract of insurance underwritten at Lloyd's only if it is underwritten with several liability, each underwriting member for his own part and not one for another, and if the liability of each underwriting member is accepted solely for his own account."[11] There is no single insuring

---

for the international insurance market."), *quoted in Tate v. Underwriters at Lloyds London*, No. 6:22-CV-05453, 2023 WL 8814609, at *2 (W.D. La. Dec. 20, 2023).

[6] *Id*.; https://www.lloyds.com/about-lloyds/what-is-lloyds (last visited February 8, 2024); *accord Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857-58 (5th Cir. 2003); *Green Coast Enterprises, LLC v. Certain Underwriters at Lloyd's*, No. CV 22-973, 2022 WL 2208206, at *3 (E.D. La. June 21, 2022) (Africk, J.); *Louisiana Restaurant Ass'n, Inc. v. Certain Underwriters at Lloyd's London*, No. 21-1718, 2021 WL 5492794, at *5 (E.D. La. Nov. 23, 2021) (Ashe, J.).

[7] *Tate v. Underwriters at Lloyds London*, No. 6:22-CV-05453, 2023 WL 8814609, at *2 (W.D. La. Dec. 20, 2023).

[8] *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 858 (5th Cir. 2003).

[9] Kelly Declaration, ¶ 7.

[10] *Id*.

[11] *Id*., ¶ 8; *accord Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010) (quoting Lloyd's Act, 1982, c.14, § 8(1)).

entity in the Lloyd's market with the name "Underwriters at Lloyd's, London."[12] And so, American courts, including the United States District Court for the Eastern District of Louisiana, have consistently held that the proper party defendants in a suit against underwriters at Lloyd's, London are the specific underwriters subscribing to a policy, not generic references such as "Underwriters at Lloyd's, London" or "Lloyd's of London."[13] Thus, if any underwriters at Lloyd's have subscribed to a policy naming Mr. Flethcher as an insured, the proper defendants would be those certain underwriters at Lloyd's, London severally subscribing to the Policy,[14] not a generic reference to "Lloyd's of London."[15]

One of the services that Lloyd's provides to the Lloyd's market is to ensure that no adverse action is taken against any underwriters at Lloyd's whenever, as here, a purported policyholder erroneously sues the market generically, but fails to provide sufficient information evidencing that the subject policy is insured or underwritten by specific or defined underwriting members of Lloyd's.[16] Because the Summons and Complaint erroneously name as a defendant "Lloyd's of London," Lloyd's, as a service to its members, is making this special appearance as there is no other party who could plead in response to the Complaint.

---

[12] Kelly Declaration, ¶ 9.

[13] *Montegut Properties, LLC v. Certain Underwriters at Lloyd's, London,* No. CV 07-03134, 2008 WL 11354968, at *4 (E.D. La. Apr. 14, 2008); *Certain Underwriters at Lloyd's, London v. Gibraltar Budget Plan, Inc.*, 9 So. 3d 646, 647-48 (Fla. Dist. Ct. App. 2009); *Underwriters at Lloyd's, London v. Strickland*, 99 Ga. App. 89, 90-92, 107 S.E.2d 860, 862-63 (1959).

[14] Kelly Declaration, ¶ 8.

[15] *Tate v. Underwriters at Lloyds London*, No. 6:22-CV-05453, 2023 WL 8814609, at *2 (W.D. La. Dec. 20, 2023); *Montegut Properties, LLC v. Certain Underwriters at Lloyd's, London*, No. CV 07-03134, 2008 WL 11354968, at *4 (E.D. La. Apr. 14, 2008).

[16] Kelly Declaration, ¶ 10.

## Argument

Lloyd's is moving to dismiss the Complaint under Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction), Fed. R. Civ. P. 12(b)(4) (insufficient process), and Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted) on the following grounds:

- Rule 12(b)(6) – the Complaint fails to state a claim because it fails to identify those certain underwriters at Lloyd's, London, if any, who insured Munson Flethcher;

- Rule 12(b)(4) – there was insufficient process because the Summons does not name a proper party to the action as required by Fed. R. Civ. P. 4(a)(1)(A);

- Rule 12(b)(2) – this Court lacks personal jurisdiction because Mr. Flethcher has failed to show that any specific underwriters at Lloyd's, London have purposely availed themselves of the opportunity to do business in Louisiana by insuring Mr. Flethcher.

**I. The Complaint fails to state a claim under Rule 12(b)(6) because it does not identify those certain underwriters at Lloyd's, London, if any, who insured Mr. Flethcher.**

Lloyd's moves to dismiss the party "Lloyd's of London" under Fed. R. Civ. P. 12(b)(6) without prejudice. This Rule permits courts to dismiss complaints for "failure to state a claim upon which relief can be granted."[17] Under Fed. R. Civ. P. 17(b), a party to the litigation must have the capacity to sue or be sued, and under Rule 12(b)(6), a plaintiff's complaint may be dismissed if the defendant lacks that capacity.[18]

As the Eastern District of Louisiana has recognized, the insuring entities in the Lloyd's market are those certain underwriters at Lloyd's, London subscribing to a specific policy.[19]

---

[17] Fed. R. Civ. P. 12(b)(6).

[18] *See, e.g.*, *Barrie v. Nueces Cnty. Dist. Attorney's Off.*, 753 F. App'x 260, 265 (5th Cir. 2018); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir.1991); *Tate v. Underwriters at Lloyds London*, No. 6:22-CV-05453, 2023 WL 8814609, at *1 (W.D. La. Dec. 20, 2023); *Conroy v. Underwriters at Lloyds London*, 2023 WL 8480069, at *1 (W.D. La. Dec. 7, 2023).

[19] *Green Coast Enterprises, LLC v. Certain Underwriters at Lloyd's*, No. CV 22-973, 2022 WL 2208206, at *3 (E.D. La. June 21, 2022); *accord Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857-58 (5th Cir. 2003); *Louisiana Restaurant Ass'n, Inc. v. Certain Underwriters at Lloyd's London*, No. 21-1718, 2021 WL 5492794, at *5 (E.D. La. Nov. 23, 2021); https://www.lloyds.com/about-lloyds/what-is-lloyds (last visited February 8, 2024).

Consistent with this principle, American courts, including the Eastern District, have held that the proper party defendants in a suit against underwriters at Lloyd's, London are the specific underwriters subscribing to a policy"[20] Indeed, this court has recognized that "The corporation Lloyd's of London–that venerable institution shrouded in the corporate vagaries of British law ... is not actually in the insurance business. Rather, the corporation provides a market for buying and selling of insurance risk among its members who collectively make up Lloyd's."[21]

"Lloyd's of London" thus lacks the capacity to be sued,[22] and so, Lloyd's respectfully requests this Court to order Mr. Flethcher to amend his Complaint to identify the Policy to which certain underwriters at Lloyd's, London, if any, subscribed naming him as an insured.

## II. The Complaint should be dismissed under Rule 12(b)(4) for insufficient process.

Lloyd's moves to dismiss the action against Lloyd's of London under Fed. R. Civ. P. 12(b)(4) because Mr. Flethcher's process is insufficient. "An objection under Rule 12(b)(4) concerns the form of the process" and so challenges "noncompliance with the provisions of Rule 4" dealing with the "content of the summons."[23] Rule 4(a)(1) states that a "summons must, among

---

[20] *Montegut Properties, LLC v. Certain Underwriters at Lloyd's, London,* No. CV 07-03134, 2008 WL 11354968, at *4 (E.D. La. Apr. 14, 2008); *Certain Underwriters at Lloyd's, London v. Gibraltar Budget Plan, Inc.*, 9 So. 3d 646, 647-48 (Fla. Dist. Ct. App. 2009); *Underwriters at Lloyd's, London v. Strickland*, 99 Ga. App. 89, 90-92, 107 S.E.2d 860, 862-63 (1959).

[21] *Certain Underwriters at Lloyd's London v. Layne*, 26 F.3d 39, 41, 43 (6th Cir. 1994), *quoted in Montegut Properties, LLC v. Certain Underwriters at Lloyd's, London*, No. CV 07-03134, 2008 WL 11354968, at *4 (E.D. La. Apr. 14, 2008).

[22] *See Tate v. Underwriters at Lloyds London*, No. 6:22-CV-05453, 2023 WL 8814609, at *2 (W.D. La. Dec. 20, 2023); *Conroy v. Underwriters at Lloyds London*, 2023 WL 8480069, at *2 (W.D. La. Dec. 7, 2023); *Montegut Properties, LLC v. Certain Underwriters at Lloyd's, London,* No. CV 07-03134, 2008 WL 11354968, at *4 (E.D. La. Apr. 14, 2008); *Certain Underwriters at Lloyd's, London v. Gibraltar Budget Plan, Inc.*, 9 So. 3d 646, 647-48 (Fla. Dist. Ct. App. 2009); *Underwriters at Lloyd's, London v. Strickland*, 99 Ga. App. 89, 90-92, 107 S.E.2d 860, 862-63 (1959).

[23] 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1353 Motions to Dismiss—Insufficiency of Process and Service of Process (3d ed.).

other things, state the names of the parties."[24] If the summons fails to comply with these requirements, the summons should be quashed.[25] As explained by the Fifth Circuit in *Gartin v. Par Pharm. Companies, Inc.*,[26] "[i]n cases like this one, where the alleged defect is that the defendant is misnamed in the summons, the form of process could be challenged under Rule 12(b)(4) [now Rule 12(a)(i)(A)] on the theory that the summons does not properly contain the names of the parties . . . ."[27]

When an objection to the sufficiency of process has been raised, the parties attempting service, in this case Mr. Flethcher, bear the burden of establishing the validity of the service.[28] And in granting motions to dismiss for insufficiency of process, courts have broad discretion[29] and can consider evidence outside the pleadings, such as affidavits, declarations and other documentary evidence.[30]

Here, the Summons names Lloyd's of London. Yet, that does not identify those certain underwriters at Lloyd's, London, if any, who insured Mr. Flethcher.[31] Thus, if any underwriters at Lloyd's subscribed to any policy naming Mr. Flethcher as an insured, the proper defendants would

---

[24] Fed. R. Civ. P. 4(a)(1)(A), (F), (G).

[25] 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1353 Motions to Dismiss—Insufficiency of Process and Service of Process (3d ed.).

[26] 289 F. App'x 688 (5th Cir. 2008).

[27] *Id.* at 692 n. 3 (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: §1353); *Grandpre v. Correct Health*, No., 2016 WL 4539442 at *7 (E.D. La. Aug. 29, 2016) (Roby, M.J.), *report and recommendations adopted sub nom. Grandpre v. Health*, 2016 WL 4987265 (E.D. La. Sept. 19, 2016).

[28] *E.g.*, *Ganpat v. E. Pac. Shipping, PTE. LTD.*, 434 F. Supp. 3d 441, 448 n. 34 (E.D. La. 2020) (Morgan, J.), *reconsideration denied sub nom*. *Ganpat v. E. Pac. Shipping, PTE, Ltd.*, No. CV 18-13556, 2020 WL 1046336 (E.D. La. Mar. 4, 2020).

[29] *See, e.g.*, *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 18 (D. D.C.2002).

[30] Fed. R. Civ. P. 12(d); *cf. Marion v. Weber Cty.*, No. 1:18-CV-00148, 2019 WL 5550015, at *1 (D. Utah Oct. 28, 2019) (under Rule 12(d), court are limited to considering the pleadings in only Rule 12(b)(6) and Rule 12(c) motions).

[31] Exhibit A, Kelly Declaration, ¶¶ 8&9.

be those certain underwriters at Lloyd's, London who or which severally subscribed to the policy.[32] This Court should thus dismiss without prejudice the action against Lloyd's of London under Rule 12(b)(4) because the Summons does not properly name the parties.[33]

### III. Under Rule 12(b)(2), this Court lacks personal jurisdiction over "Lloyd's of London."

This Court does not have personal jurisdiction over Lloyd's of London. To establish personal jurisdiction, a plaintiff bears the burden of showing that a nonresident defendant (1) purposefully established "minimum contacts" with Louisiana, and (2) the Court's exercise of personal jurisdiction over the defendant comports with "fair play and substantial justice."[34] Sufficient minimum contacts exist when the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."[35] Personal jurisdiction can be either specific or general.[36]

#### 1. Court lacks specific jurisdiction

Specific jurisdiction over a nonresident defendant exists when the litigation results from alleged injuries that arise out of or relate to a defendant's activities in the forum state.[37] Put another way, this Court cannot exercise specific jurisdiction over Lloyd's of London, unless this litigation resulted from injuries that are alleged to arise from underwriters at Lloyd's contacts within Louisiana.

---

[32] *Id.*, ¶ 8.

[33] *Conroy v. Underwriters at Lloyds London*, No. 6:22-CV-04750, 2023 WL 8480069, at *2 (W.D. La. Dec. 7, 2023) (granting Lloyd's Rule 4 motion).

[34] *E.g., Burger King v. Rudzewicz*, 471 U.S. 462, 474-76 (1985); *A & L Energy, Inc. v. Pegasus Grp.*, 2000-3255 (La. 6/29/01), 791 So.2d 1266, 1270.

[35] *Pegasus Grp.*, 791 So.2d at 1271 (quoting *Burger King*, 471 U.S. at 475).

[36] *See, e.g., BNSF Ry. Co. v. Tyrrell,* 137 S. Ct. 1549, 1558, 198 L. Ed. 2d 36 (2017); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

[37] *See, e.g., Tyrrell,* 137 S. Ct. at 1558*; Goodyear*, 564 U.S. at 919-20.

Under Fifth Circuit precedent, "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."[38] Further, although a district court may take allegations in pleadings into account in deciding a motion for lack of personal jurisdiction, allegations are no longer relevant when they are controverted by jurisdictional evidence.[39]

In the Complaint, Mr. Flethcher asserts that "This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Louisiana based entities and consumers."[40] Yet, as established by the attached Unsworn Declaration Under Penalty of Perjury by Kathryn Kelly, if any underwriters at Lloyd's, London insured Mr. Flethcher, it would be only those certain underwriters at Lloyd's, London subscribing to a specific policy, and Mr. Flethcher has thus far failed to show that any underwriters at Lloyd's subscribed to a policy naming him as an insured.[41] This court thus lacks specific personal jurisdiction over any underwriter at Lloyd's unless and until Mr. Flethcher identifies the underwriters at Lloyd's, London who allegedly did business with him by insuring him.

---

[38] *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997) (quoting *Stuart v. Spademan*, 772 F.2d 185, 1192 (5th Cir. 1985)).

[39] *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999); *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1995).

[40] Complaint, ¶ 6. Rec. Doc. 1.

[41] *Id*., ¶¶ 8&9.

### 2.  Court lacks general jurisdiction

General jurisdiction requires an even more demanding minimum contacts analysis than specific jurisdiction.[42] Where the contacts are not related to the lawsuit, a court may exercise general jurisdiction only when the foreign defendant's contacts over the defendant are so "continuous and systematic" as to render him, her or it "essentially at home in the forum state,"[43] and the "paradigm forum for a corporate defendant's home is the state of its incorporation or principal place of business."[44] According to the United States Supreme Court's 2017 decision in *BNSF Ry. Co. v. Tyrrell*,[45] general jurisdiction only applies in the "exceptional case," such as *Perkins v. Benguet Cnsol. Mining Co*.[46] where a corporate defendant temporarily relocated from the Philippines to Ohio during World War II.  The fact that a foreign defendant does some business in the forum is immaterial because, as explained in *Tyrrell,* "a corporation that operates in many places can scarcely be deemed at home in all of them."[47] As the Fifth Circuit has admonished, it is "incredibly difficult to establish general jurisdiction" "in a forum other than a corporation's place of incorporation or principal place of business."[48]

Here, the Complaint is devoid of any allegations that Lloyd's of London is incorporated in or maintain its principal place of business in Louisiana. And so, Mr. Flethcher cannot establish general jurisdiction against Lloyd's of London because it cannot make the exceptional showing

---

[42] *See e.g., Gardemal v. Westin Hotel Co*., 186 F.3d 588, 595 (5th Cir. 1999); *Jones v. Petty–Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992).

[43] *BNSF Ry. Co. v. Tyrrell*. 137 S. Ct. 1549, 1558 (2017); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

[44] *BNSP Railway,* 137 S.Ct. at 1558.

[45] 137 S. Ct. 1549, 1558 (2017).

[46] 342 U.S. 437 (1952), *cited in BNSF Railway*, 137 S. Ct. at 1558.

[47] 137 S. Ct. at 1559 (internal quotation marks omitted).

[48] *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

that it is essentially "at home" in Louisiana.

Lloyd's thus asks this Court to grant its Motion for Lack of Personal Jurisdiction and to enter an Order dismissing the Complaint without prejudice. [49]

## Conclusion

Lloyd's respectfully requests that this Court grant its motions and enter an Order:

- Dismissing the Complaint without prejudice for the failure to state a claim upon which relief can be granted,
- Quashing the Summons and Complaint for insufficient process; and
- Dismissing the Complaint without prejudice for lack of personal jurisdiction.

Respectfully submitted:

/s/ John M. Futrell
JOHN M. FUTRELL (#5865)
SIDNEY W. DEGAN (#4804)
DEGAN, BLANCHARD & NASH
400 Poydras Street, Suite 2600
New Orleans, LA  70130
Phone:  (504) 529-3333
Facsimile:  (504) 529-3337
Email:  SDegan@degan.com
             JFutrell@degan.com

Counsel for the Society of Lloyd's

---

[49] *See Conroy v. Underwriters at Lloyds London*, No. 6:22-CV-04750, 2023 WL 8480069, at *2 (W.D. La. Dec. 7, 2023) (granting Lloyd's Rule 12(b)(2) motion).

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing has been served upon all counsel of record by hand, by e-transmission, by telefax, via the CM/ECF system, or by mailing, first class, properly addressed and postage pre-paid, this 9th day of February, 2024.

/s/ John M. Futrell
_____